IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                OPINION AND ORDER

Plaintiff,

                09-cv-276-bbc
                06-cr-215-bbc

v.

DEVADA BURNS,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Devada Burns has filed a timely motion for post conviction relief under 28 U.S.C. § 2255, contending that when he was sentenced, he was denied his constitutional rights to due process and to confront the witnesses against him.  To be more specific, he alleges that it was a violation of due process when the court did not honor his plea agreement with the government but instead sentenced him to a higher sentence than contemplated by the agreement.  In addition, he maintains that it was a violation of United States v. Booker, 543 U.S. 220 (2005), for the court to consider at sentencing his unprotected admissions to law enforcement, his possession and brandishing of a gun to increase his sentencing and his classification as a career offender under the Sentencing Guidelines.  He contends that his

1

trial counsel was ineffective for not challenging these errors and that his sentence was illegal because he was sentenced as a career offender despite the government's failure to file an information against him under 18 U.S.C. § 851. I conclude that the motion must be denied because none of defendant's claims have merit.

BACKGROUND

Defendant was indicted on October 4, 2006 and charged with three counts of distribution of cocaine base (crack cocaine). Earlier, on August 31, 2006, law enforcement officers had executed a federal search warrant at his residence after supervising six controlled buys of crack cocaine from defendant. After agents recovered crack cocaine, a digital scale and a cutting agent and gave defendant his <u>Miranda</u> warnings, defendant admitted having sold crack cocaine for about three years. He told the officers he usually sold $20 rocks of cocaine, doing between ten and twenty deals a day and making about $300 a day. In a separate interview, defendant's wife corroborated his statements about dealing drugs out of their home.

On February 26, 2007, defendant entered a plea of guilty to count 3 of the indictment under a plea agreement reached with the government. Defendant agreed that he would testify fully and truthfully at any trials or hearings and would make a complete

2

statement about his involvement in criminal conduct and the involvement of others known to him.  The government agreed that any statements made in connection with the plea agreement were protected to the extent provided in USSG § 1B1.8.  At the plea hearing, defendant told the court that he understood that he was subject to a sentence up to the statutory maximum of 40 years, with a statutory minimum of five years, that no one had made him any promises or threats in an effort to persuade him to plead guilty and that he understood the rights he was giving up, including the right to cross-examine the witnesses against him.  The probation office calculated defendant's base offense level as 38, using the crack cocaine defendant had sold in controlled buys, the crack cocaine recovered during the August 2006 search and an estimate of the crack cocaine defendant had sold in the preceding three years, derived from his admissions to the police in his post-search interview.  Two levels were added for defendant's possession of a firearm.  Defendant met the criteria for classification as a career offender, but because his adjusted offense level was higher than the applicable career offender guideline, the adjusted base offense level determined his adjusted offense level.  Defendant was sentenced to a term of 292 months.

Defendant filed an appeal, represented by his trial counsel.  When trial counsel moved to withdraw on the ground that he could not say that any claim defendant was raising had merit, the court of appeals gave defendant a chance to respond.  Defendant argued that his attorney had not represented him "as best as he could have," that he should not have

3

received a gun enhancement, that his uncorroborated confession was used against him unfairly, that he should have received a Rule 35 reduction in his sentence and that his sentence was too high.  He did not complain about a breach of the plea agreement by the government, about having been sentenced as a career offender or about the government's failure to file an § 851 information.  Before the court of appeals could decide the appeal and after the Supreme Court decided <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), which held that a sentencing court could consider the disparities in the sentences for crack cocaine and those for powder cocaine, the parties agreed to a remand of the case for resentencing in light of <u>Kimbrough</u>.

At resentencing, defendant's base offense level was lowered by two points, in accordance with the crack cocaine sentencing guideline amendments.  His new guideline range was 235 to 292 months.  Taking <u>Kimbrough</u> into consideration, I sentenced defendant to a below-guideline sentence of 220 months, recognizing the discrepancies between sentences for crack and powder cocaine.  I then deducted six months for time defendant had served in state prison for conduct related to this offense.

Defendant appealed from the reduced sentence and his attorney filed a brief, saying that defendant was concerned about his gun enhancement and the way the court had calculated his relevant conduct, but that counsel believed there was no non-frivolous ground on which defendant could prevail.  The court of appeals dismissed the appeal, finding that

4

none of the issues defendant had raised through his counsel had any merit.

OPINION

Section 2255 is not intended to provide defendants an opportunity for a do-over of their original sentencings.  The statute limits relief to errors of law that are jurisdictional, or constitutional or that amount to a fundamental defect that results in a complete miscarriage of justice.  Borre v. United States, 940 F.2d 215, 217 (7th Cir. 1991).  A defendant cannot pursue claims that the court of appeals denied on direct appeal because the court of appeals' holding  is the "law of the case," binding on the district court.  This does not mean that a defendant may reserve claims for post conviction relief.  If the claim is one that could have been raised on direct appeal but was not, the defendant will not be permitted to raise it in a post conviction motion unless he can show good cause for his failure to raise it previously and actual prejudice if he is not allowed to raise it.  Prewitt v. United States, 83 F.3d 932, 935 (7th Cir. 1996) ("An issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.") (citing Reed v. Farley, 512 U.S. 339, 354 (1994)); see also Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002).

1. <u>Breach of proffer agreement by government</u>

Underlying this challenge is defendant's assertion that the government promised in the proffer agreement not to use any information he provided under the agreement against him in its case in chief at trial or in aggravation of his sentence.  If his claim of the government's improper use of an uncorroborated confession against him encompasses this claim, then he raised it on his first appeal.  The court of appeals did not decide the issue but remanded for resentencing on the parties' agreement.  Had defendant wanted a ruling on the issue of the breach of the proffer agreement, he should have raised it at the time of his second appeal and objected to the breach at the time of his resentencing.  He did neither and he has not shown good cause for not doing so.  Even if he had raised the issue properly, however, he would not have prevailed.

Defendant is wrong when he argues that the government breached the plea agreement by using protected information.  It promised it would not any of the information given under the terms of the proffer agreement in aggravation of defendant's sentence and it never did.  It did not promise it would not use the information defendant gave to the police after the search of his residence.  Under the terms of the plea agreement that defendant signed, it was permissible for the government and the probation office to use his admissions to estimate the amount of crack cocaine he had dealt over the years.

6

2. Booker violations

Defendant raises another challenge to the use of the admissions, as well as to giving him a two-point enhancement because he pointed a gun at another person during a drug transaction.  He contends that United States v. Booker, 543 U.S. 220 (2005), forbids a sentencing court from taking into consideration any factor that increase a sentence unless a jury has determined it to be true beyond a reasonable doubt.  In making this argument, defendant overlooks the second part of Booker, which is the Court's holding that the sentencing guidelines are not mandatory, but merely advisory.  So long as they are advisory, a sentencing court may consider any reliable information that bears on the guideline determination, keeping in mind that it cannot impose a sentence in excess of the statutory maximum.  Id. at 259 ("Without this provision—namely, the provision that makes "the relevant sentencing rules . . . mandatory and impose[s] binding requirements on all sentencing judges—the statute falls outside the scope of Apprendi's requirement [that any fact other than the fact of a prior conviction, which increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt].").

In defendant's case, he was given a sentence well within the statutory range of 5-40 years.  It was not improper under Booker to consider the amount of drugs he admitted to the police or his use of a gun when deciding where within that range defendant should be

7

sentenced.

3. Uncorroborated confession

Defendant contends that the admissions he made to the police amounted to an uncorroborated confession that the court could not use without violating the rule that an accused may not be convicted on his own uncorroborated confession alone. Warszower v. United States, 312 U.S. 342, 347 (1895). Defendant seems to forget that he was not convicted on his own uncorroborated confession but on his plea of guilty, made in open court with a full understanding of his rights. His admissions to the police affected only the amount of drugs for which he was held responsible.

As to whether the admissions were uncorroborated or even unreliable, defendant's wife confirmed his past drug dealing, he himself referred to his admissions as "honest" at his resentencing and the police had supervised six controlled buys from him before they searched his residence. His statements were hardly "uncorroborated."

Defendant could have raised an objection to the amounts and called the detective at sentencing; he chose not to for the probable reason that if he did so, he ran the risk of losing his three-level downward adjustment for acceptance of responsibility. Instead, his attorney argued that defendant had been high when he talked to the police after the search and that he had exaggerated his estimate of drug dealing. This was an effective strategy for counsel

8

to take.  In response to defendant's arguments at sentencing, I halved the amount calculated by the probation office to give defendant the benefit of the doubt on the amounts he had reported selling during the previous three years.  At the same time, defendant received the three-point adjustment for acceptance or responsibility.

4. <u>Relevant conduct and career offender status</u>

Defendant raises another reason for setting aside his sentence:  the court did not tell him when it took his plea that it would consider relevant conduct as well as the charged crime itself and it did not warn him he could be sentenced as a career offender.  There is no merit to this claim.  Defendant knew the maximum sentence to which he would be subject. It was set out in the plea agreement and it was repeated to him twice during the plea hearing. He has no constitutional right to know how the advisory sentencing guidelines would be calculated before he entered his plea.

As to relevant conduct, the government made it clear to defendant that it would make its full file available to the probation office.  Even assuming the unlikely proposition that defendant's experienced counsel did not warn him of the possibility that the court would consider his relevant conduct, defendant knew that the court could sentence him anywhere within the statutory limits.

So long as defendant knew the maximum sentence to which he could be subject, he

cannot complain about the consideration of his relevant conduct or about being treated as

a career offender.  In fact, however, defendant was not sentenced as a career offender.  His

base offense level was based on the amount of drugs for which he was held responsible.  That

offense level exceeded the career offender level, so  the higher one governed the calculation

of his advisory guidelines.

5. Ineffective assistance of counsel

Defendant's only assertion of ineffectiveness is that his counsel failed to argue that

defendant had never admitted to the police that he had sold the amounts attributed to him.

If defendant is saying that his counsel should have challenged the fact of the admissions, as

well as their content, he has no ground to support his assertion.  Both defendant and his wife

admitted to the police after the search of their residence that defendant had been dealing

drugs.  The police prepared a report of the admissions defendant and his wife made.  As I

explained earlier, defendant's counsel had to walk a fine line between challenging the drug

quantity and preserving his client's eligibility for an adjustment for acceptance of

responsibility.  Defendant has shown no reason why I should find that his counsel did not

provide him constitutionally adequate representation.  Strickland v. Washington, 466 U.S.

680 (1984).

In light of defendant's own admission that he made "honest" statements when he

10

talked to the police, he has no ground whatsoever to complain about his attorney's failure to reduce the drug quantities further than he did.  Defense counsel can only work with the evidence he has; he cannot erase unfavorable evidence that the government has obtained.

Even if I were to assume that defendant's counsel was ineffective, which I would not, defendant has not shown that he suffered any prejudice.  He has not shown that the advice he was given was "a decisive factor in his decision to enter a [] plea" rather than going to trial.  Wyatt v. United States, No. 08-1465, slip op. at 4 (7th Cir., July 28, 2009); see also Julian v. Bartley, 495 F.3d 487, 498 (7th Cir. 2007).


6. Failure to file § 851 information

Defendant makes a last, wholly unsupported claim that his sentence was illegal because the court sentenced him as a career offender despite the fact that the government did not file the requisite information under 18 U.S.C. § 851.  As I have explained, defendant was not sentenced as a career offender, but even if he had been, no § 851 information was required.  It is only when the government is seeking a sentence above the statutory maximum that it must file such an information.  That was never an issue in defendant's case. He was sentenced well under the maximum sentence he could have received.

11

ORDER

IT IS ORDERED that defendant Devada Burns's motion for post conviction relief

under 28 U.S.C. § 2255 is DENIED.

Entered this 10th day of August, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

12