IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                      ORDER

          Plaintiff,

                                  09-cv-276-bbc

     v.                               06-cr-215-bbc

DEVADA BURNS,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Devada Burns has filed a notice of appeal from the judgment entered in this case on August 11, 2009, denying his § 2255 motion.  First, defendant has not paid the $455 filing fee, which makes it necessary to decide whether he is entitled to proceed on appeal in forma pauperis.  Second, although defendant's notice of appeal does not include a request for a certificate of appealability, I construe it as including such a request because it is a prerequisite for appeal of the denial of defendant's motion for post conviction relief brought pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22.

      According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not

1

taken in good faith or shall find that the party is otherwise not entitled so to proceed." Defendant had court-appointed counsel during the criminal proceedings against him and I do not intend to certify that his appeal is not taken in good faith. Defendant's challenge to his sentence is not wholly frivolous. A reasonable person could suppose that it has some merit. Cf. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). Therefore, I will grant him leave to proceed on appeal in forma pauperis.

As to the certificate of appealability, a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

Although defendant does not identify the issues he seeks to appeal, I am not convinced that any of the issues raised in his § 2255 motion merit the issuance of a certificate of appealability. In the August 10, 2009 order denying defendant's § 2255 motion, I explained in detail why each of defendant's arguments fail. Because he has not

2

made a showing of the denial of a constitutional right on any of the issues, I will deny his request for a certificate of appealability.

## ORDER

IT IS ORDERED that defendant Devada Burns's request for leave to proceed <u>in forma pauperis</u> on appeal is GRANTED; his request for a certificate of appealability is DENIED.

Entered this 31st day of August, 2009.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

3